PROB 12C
(6/16)

Report Date: July 24, 2020

# United States District Court

**for the**

**Eastern District of Washington**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 24, 2020

SEAN F. McAVOY, CLERK

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender: Russell Paul Nickerson          Case Number: 0980 2:19CR00191-RMP-1

Address of Offender:                               Washington 99208

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U. S. District Judge

Date of Original Sentence: June 16, 2020

Original Offense:        Possession of Counterfeit Currency, 18 U.S.C. § 472

Original Sentence:       Probation - 60 Months          Type of Supervision: Probation

Asst. U.S. Attorney:     Earl Allan Hicks              Date Supervision Commenced: June 16, 2020

Defense Attorney:         J Houston Goddard            Date Supervision Expires: June 15, 2025

## PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance

1 | **Special Condition #1**: For a period of 3 months, you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court ordered obligations; or other activities as pre-approved by your supervision officer (Home Detention).  At the discretion of your supervising officer, electronic home monitoring equipment or other alternative methods of supervision may be employed to confirm compliance.  If there is a cost associated with this equipment, you shall contribute according to your ability to pay.

**Supporting Evidence**: Russell Nickerson violated the terms of his probation by being present at unauthorized locations, in violation of his home detention condition, on or about June 26, July 1, July 10, and July 23, 2020.

On June 16, 2020, probation commenced in this matter.  On June 23, 2020, a probation intake was completed. Mr. Nickerson verbally advised he understood and acknowledged the conditions imposed by the Court, to include the above noted special condition number 1.

That same day, he was set up on GPS monitoring.  Mr. Nickerson signed the GPS participant agreement form which includes an acknowledgment that he is to remain at his approved residence at all times, except for activities approved in advance by his supervising officer.

Prob12C
**Re: Nickerson, Russell Paul**
**July 24, 2020**
**Page 2**

A review of Mr. Nickerson's activities and locations was completed for June 26, 2020. It was noted that he appeared to have been at a Starbucks coffee shop for approximately an hour and a half. When confronted, Mr. Nickerson claimed that he was using the restroom. He was reminded that all activities are to be pre-approved, as well as the importance of communication with the U.S. Probation Office.

On July 1, 2020, after the USPO was notified that Mr. Nickerson did not return to his residence on time, a review of his location was completed. It appeared that he was at a 7-11 convenience store. He was contacted. Mr. Nickerson indicated he was sitting in the parking lot waiting for his doctor to call back regarding some medication; however, he told another USPO that he was just getting gas and was under the impression he could get gas without preapproval. Ironically, this particular 7-11 does not have gas pumps. He was reminded again that all activities are to be pre-approved and the importance of communication with the USPO. He was further reminded that time adjustments would need to be pre-approved, as well.

On July 10, 2020, he did return to his residence on time. A review of his locations showed that he was at a McDonalds. When contacted, he stated he stopped to use the restroom. He was once again reminded that all locations and time adjustments had to be pre-approved.

On July 23, 2020, a review of his locations noted he was at Dick's, a fast food restaurant. When confronted, he initially denied being there but ultimately admitted to going there to get water for his vehicle. He was once again reminded that all locations had to be pre-approved.

2  **Special Condition #4:** You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete as approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Russell Nickerson violated the terms of his probation by failing to attend substance abuse treatment sessions on or about June 24, 26, and 29, 2020; as well as July 1, 8, 10, 15, 22, and 23 2020.

On June 16, 2020, probation commenced in this matter. On June 23, 2020, a probation intake was completed. Mr. Nickerson verbally advised he understood and acknowledged the conditions imposed by the Court, to include the above noted special condition number 4.

Mr. Nickerson was enrolled in intensive outpatient treatment at Pioneer Human Services during pretrial supervision. Since the commencement of probation, he has missed group treatment sessions on June 24, 26 and 29, 2020; and July 1, 8, 10, 15 and 22, 2020. Pioneer Human Services worked with Mr. Nickerson to adjust his treatment schedule to make it more manageable. However, he then failed to attend a group treatment session on July 23, 2020. It should be noted, that due to the COVID-19 pandemic, group sessions are conducted virtually; therefore, Mr. Nickerson is not even expected to appear in person. He simply needs to log into the group sessions through his cellular phone.

Prob12C
# Re: Nickerson, Russell Paul
**July 24, 2020**
Page 3

3  **Special Condition #6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Russell Nickerson violated the terms of his probation by failing to appear for random urinalysis testing on or about June 26, 2020; and July 1, 2, and 6, 2020, or since.

On June 16, 2020, probation commenced in this matter. On June 23, 2020, a probation intake was completed. Mr. Nickerson verbally advised he understood and acknowledged the conditions imposed by the Court, to include the above noted special condition number 6.

That same day, he was advised of the testing instructions which would require him to call the color line daily to determine if he had to test that day.

Mr. Nickerson failed to appear for random urinalysis testing at Pioneer Human Services on June 26, 2020; and July 1, 2, and 6, 2020, or since. There have been additional missed UA's; however, he reported being tested for COVID-19 on July 6, 2020, but has failed to provide proper documentation or any follow up medical records.

4  **Standard Condition #12**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Supporting Evidence**: Russell Nickerson violated the terms of his probation on or about July 6, 2020, by failing to provide medical documentation related to his COVID-19 testing and following up with medical guidance on continued quarantine and social distancing practices.

On June 16, 2020, probation commenced in this matter. On June 23, 2020, a probation intake was completed. He verbally advised he understood and acknowledged the condition imposed by the Court, to include the above noted standard condition number 12.

On July 6, 2020, Mr. Nickerson indicated he was tested for COVID-19 due to possible exposure. As a result, Pioneer Human Services, where he is expected to go for random drug testing, asked that he not return to the facility until his tests results are received or a medical note is received stating he is clear to resume normal activities.

Mr. Nickerson has been directed on numerous occasions since July 6, 2020, to provide appropriate medical documentation advising whether or not he is clear to resume regular activities. Mr. Nickerson continuously fails to comply with this request and as a result, has not submitted to any drug testing since the commencement of his term of probation.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegation(s) contained in this petition.

Prob12C
**Re: Nickerson, Russell Paul**
**July 24, 2020**
**Page 4**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   July 24, 2020

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

*[signature]*

Signature of Judicial Officer

7/24/2020

Date